UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ALVIN O. CLAVELLE,

                    Petitioner,

vs.                                    Case No. 3:16-cv-781-J-39PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.
_____


**ORDER**

## I.  INTRODUCTION

    Petitioner Alvin O. Clavelle, in his Petition Under 28 U.S.C.
§ 2254 by a Person in Custody Pursuant to a State Court Judgment
(Petition) (Doc. 1), challenges a 2010 Duval County conviction for
armed robbery and possession of a firearm by convicted felon.  He
raises eighteen grounds in the Petition.  Respondents filed an
Answer in Response to Order to Show Cause (Response) (Doc. 18).[1]
Petitioner filed a Reply to Answer in Response to Order to Show
Cause (Doc. 22).  See Order (Doc. 9).

_____

    [1]    The Court hereinafter refers to the Exhibits as "Ex."
Where provided, the page numbers referenced in this opinion are the
Bates stamp numbers at the bottom of each page of the exhibit.
Otherwise, the page number on the particular document will be
referenced.  The Court will reference the page numbers assigned by
the electronic docketing system where applicable.

## II. CLAIMS OF PETITION

Eighteen grounds are presented in the Petition for habeas corpus relief: (1) the trial court erred by allowing the state to shift the burden of proof during redirect examination of witness Brock and rebuttal closing argument; (2) the ineffective assistance of appellate counsel for failure to raise the issue that essential elements of the charges were omitted in the charging document; (3) the ineffective assistance of counsel for failure to move for a judgment of acquittal, argue the weight of the evidence in a motion for new trial, or object to the state's case being founded on improper stacking of inferences; (4) the ineffective assistance of counsel by leading Petitioner not to testify; (5) the ineffective assistance of counsel for presenting a fraudulent reason to obtain a continuance, denying Petitioner his right to a speedy trial and allowing the state to build its case; (6) the ineffective assistance of counsel for failure to rely on established law to seek to suppress Petitioner's statement or to seek redaction of Detective Gagnon's hearsay statements; (7) the ineffective assistance of counsel for failure to object to the admission of a photograph, move for a mistrial, or seek a curative instruction concerning a photograph of Petitioner taken at the time of a prior arrest and viewed by the jury; (8) the ineffective assistance of counsel for failure to object to the prosecutor's comment on Petitioner's silence; (9) the ineffective assistance of counsel for

failure to object to the charging document going back to the jury room as it contained the possession of a firearm by a convicted felon count; (10) the ineffective assistance of counsel for failure to present evidence of the temperature on the date of Petitioner's arrest; (11) the ineffective assistance of counsel for failure to investigate and/or call an expert in handwriting analysis; (12) the ineffective assistance of counsel for failure to elicit from Gwendolyn Taylor that Petitioner never referred to her as "Wifey," nor did he refer to himself as "Daddy"; (13) the ineffective assistance of counsel for failure to object to co-defendant Reginald Wescott's testimony that he was testifying because he was taking responsibility for his actions; (14) the ineffective assistance of counsel for failure to request a mere presence at the scene instruction; (15) the ineffective assistance of counsel for failure to move to suppress evidence seized during the arrest; (16) the ineffective assistance of counsel for failure to object to the amended information based on its omission of essential elements of the crimes; (17) the ineffective assistance of counsel based on the cumulative errors of counsel; and (18) the state appellate court erred in refusing to correct the trial court's error in denying Petitioner's Rule 3.850 motion.

### III.  EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing if the record refutes the asserted factual allegations or

otherwise precludes habeas relief. <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007). It is Petitioner's burden to establish the need for a federal evidentiary hearing, and he has not met the burden. <u>Chavez v. Sec'y, Fla. Dep't of Corr.</u>, 647 F.3d 1057, 1060 (11th Cir. 2011), <u>cert</u>. <u>denied</u>, 565 U.S. 1120 (2012). The pertinent facts are fully developed in this record or the record otherwise precludes habeas relief. Therefore, the Court is able to "adequately assess [Petitioner's] claim[s] without further factual development," <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004).

The Court will review the eighteen grounds raised in the Petition, <u>see</u> <u>Long v. United States</u>, 626 F.3d 1167, 1169 (11th Cir. 2010) ("The district court must resolve all claims for relief raised on collateral review, regardless of whether relief is granted or denied.") (citing <u>Clisby v. Jones</u>, 960 F.2d 925, 936 (11th Cir. 1992) and <u>Rhode v. United States</u>, 583 F.3d 1289, 1291 (11th Cir. 2009)), and consider Petitioner's request for collateral relief.

## IV.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. <u>See</u> 28 U.S.C. § 2254; <u>Ledford v. Warden, Ga. Diagnostic & Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016), <u>cert</u>. <u>denied</u>, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal

habeas review of state court judgments[.]" <u>Pittman v. Sec'y, Fla.</u>
<u>Dep't of Corr.</u>, 871 F.3d 1231, 1243 (11th Cir. 2017).  This narrow
scope of review under AEDPA provides for habeas relief only if
there are extreme malfunctions, certainly not to be used as a means
to correct state court errors.  <u>Ledford</u>, 818 F.3d at 642 (quoting
<u>Greene v. Fisher</u>, 565 U.S. 34, 38 (2011)).

Federal courts may grant habeas relief if:

> the state court's decision "was contrary to,
> or involved an unreasonable application of,
> clearly established Federal law, as determined
> by the Supreme Court of the United States," or
> "was based on an unreasonable determination of
> the facts in light of the evidence presented
> in the State court proceeding." 28 U.S.C. §
> 2254(d).
>
> A state court's decision rises to the
> level of an unreasonable application of
> federal law only where the ruling is
> "objectively unreasonable, not merely wrong;
> even clear error will not suffice." <u>Virginia</u>
> <u>v. LeBlanc</u>, 582 U.S. ----, ----, 137 S.Ct.
> 1726, 1728, 198 L.Ed.2d 186 (2017) (per
> curiam) (quoting <u>Woods v. Donald</u>, 575 U.S.
> ----, ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d
> 464 (2015) (per curiam)). This standard is
> "meant to be" a difficult one to meet.
> <u>Harrington v. Richter</u>, 562 U.S. 86, 102, 131
> S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

<u>Rimmer v. Sec'y, Fla. Dep't of Corr.</u>, 876 F.3d 1039, 1053 (11th
Cir. 2017), <u>petition</u> <u>for</u> <u>cert</u>. <u>docketed</u> <u>by</u> (U.S. Mar. 9, 2018) (No.
17-8046).

"We also must presume that 'a determination of a factual issue
made by a State court [is[ correct,' and the petitioner 'ha[s] the
burden of rebutting the presumption of correctness by clear and

- 5 -

convincing evidence.' 28 U.S.C. § 2254(e)(1)." <u>Morrow v. Warden</u>, 886 F.3d 1138, 1147 (11th Cir. 2018). Additionally, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." <u>Pope v. Sec'y for Dep't of Corr.</u>, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003)), <u>cert</u>. <u>denied</u>, 568 U.S. 1233 (2013).

Recently, in <u>Wilson v. Sellers</u>, No. 16-6855, 2018 WL 1800370, at *5 (U.S. April 17, 2018), 584 U.S. ---- (2018), the Supreme Court concluded there is a "look through" presumption in federal habeas law, as silence implies consent. <u>See</u> <u>Kernan v. Hinojosa</u>, 136 S.Ct. 1603, 1605 (2016) (per curiam). This presumption is employed when a higher state court provides no reason for its decision; however, it is just a presumption, not an absolute rule. <u>Wilson</u>, 2018 WL 1800370, at *7. "Where there are convincing grounds to believe the silent court had a different basis for its decision than the analysis followed by the previous court, the federal habeas court is free, as we have said, to find to the contrary." <u>Id</u>. at *8.

Thus, with the Supreme Court's guidance, this Court must undertake the following review. If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." <u>Id</u>. at *2. But,

if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, for example the decision simply states affirmed or denied, a federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." <u>Id</u>. at *3. At this stage, the federal court presumes the unexplained decision adopted the same reasoning as the lower court. <u>Id</u>. The presumption is not irrebutable, as strong evidence may refute it. <u>Hinojosa</u>, 136 S.Ct. at 1606. The state can rebut the presumption by showing the higher state court relied or most likely relied on different grounds than the lower state court, "such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." <u>Wilson</u>, 2018 WL 1800370, at *3.

Although the § 2254(d) standard is difficult to meet, the standard is meant to be difficult. <u>Rimmer</u>, 876 F.3d at 1053 (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error). This Court recognizes, applying the AEDPA standard, state court decisions must be given the benefit of the doubt. <u>Trepal v. Sec'y, Fla. Dep't of Corr.</u>, 684 F.3d 1088, 1107 (11th Cir. 2012) (quotation and citations omitted), <u>cert</u>. <u>denied</u>, 568 U.S. 1237 (2013).

### V. INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on his Sixth Amendment claims, Petitioner must satisfy the two-pronged test set forth in <u>Strickland v.</u>

<u>Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). A counsel's performance is deficient only if counsel's "identified acts or omissions were outside the wide range of professionally competent assistance." <u>Id</u>. at 690. And importantly, with regard to the establishment of prejudice requirement, the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694.

Finally, in order to prevail on a claim of ineffective assistance of counsel, both parts of the <u>Strickland</u> test must be satisfied. <u>Bester v. Warden, Att'y Gen. of the State of Ala.</u>, 836 F.3d 1331, 1337 (11th Cir. 2016) (citing <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000)), <u>cert</u>. <u>denied</u>, 137 S.Ct. 819 (2017). However, a court need only address one prong, and if it is found unsatisfied, the court need not address the other prong. <u>Id</u>.

## VI. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The two-part <u>Strickland</u> standard also governs a claim of ineffective assistance of appellate counsel. <u>Overstreet v. Warden</u>, 811 F.3d 1283, 1287 (11th Cir. 2016). The Eleventh Circuit has stated:

> To prevail on a claim of ineffective assistance of appellate counsel, a habeas petitioner must establish that his counsel's

> performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1300 (11th Cir. 2013) ("Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland.") (quotation marks omitted). Under the deficient performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688, 104 S.Ct. at 2064.

Rambaran v. Sec'y, Dep't of Corr., 821 F.3d 1325, 1331 (11th Cir. 2016), cert. denied, 137 S.Ct. 505 (2016).

As with a claim of ineffective assistance of trial counsel, the combination of Strickland and § 2254(d) requires a doubly deferential review of a state court decision. See Harrington v. Richter, 562 U.S. 86, 105 (2011); see also Gissendaner v. Seaboldt, 735 F.3d 1311, 1323 (11th Cir. 2013) ("This double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.") (quotation marks and alteration omitted), cert. denied, 135 S.Ct. 159 (2014). Indeed, the Supreme Court has opined that "[i]f this standard is difficult to meet, that is because it was meant to be." Richter, 562 U.S. at 102.

When considering deficient performance by appellate counsel,

> a court must presume counsel's performance was "within the wide range of reasonable

professional assistance." <u>Id</u>.[2] at 689, 104 S.
Ct. 2052. Appellate counsel has no duty to
raise every non-frivolous issue and may
reasonably weed out weaker (albeit
meritorious) arguments. <u>See</u> <u>Philmore v.
McNeil</u>, 575 F.3d 1251, 1264 (11th Cir. 2009).
"Generally, only when ignored issues are
clearly stronger than those presented, will
the presumption of effective assistance of
counsel be overcome." <u>Smith v. Robbins</u>, 528
U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756
(2000) (quoting <u>Gray v. Greer</u>, 800 F.2d 644,
646 (7th Cir. 1986)); <u>see also</u> <u>Burger v. Kemp</u>,
483 U.S. 776, 784, 107 S. Ct. 3114, 97 L.Ed.2d
638 (1987) (finding no ineffective assistance
of counsel when the failure to raise a
particular issue had "a sound strategic
basis").

<u>Overstreet</u>, 811 F.3d at 1287; <u>see also</u> <u>Owen v. Sec'y, Dep't of
Corr.</u>, 568 F.3d 894, 915 (11th Cir. 2009) (stating "any
deficiencies of counsel in failing to raise or adequately pursue
[meritless issues on appeal] cannot constitute ineffective
assistance of counsel"), <u>cert</u>. <u>denied</u>, 558 U.S. 1151 (2010).

To satisfy the prejudice prong, a petitioner must show a
reasonable probability that "but for the deficient performance, the
outcome of the appeal would have been different." <u>Black v. United
States</u>, 373 F.3d 1140, 1142 (11th Cir. 2004) (citations omitted),
<u>cert</u>. <u>denied</u>, 543 U.S. 1080 (2005); <u>see</u> <u>Philmore v. McNeil</u>, 575
F.3d 1251, 1264-65 (11th Cir. 2009) ("In order to establish
prejudice, we must first review the merits of the omitted claim.
Counsel's performance will be deemed prejudicial if we find that
'the neglected claim would have a reasonable probability of success

_____
[2]     <u>Strickland</u>, 466 U.S. at 689.

- 10 -

on appeal.'") (citations omitted), <u>cert</u>. <u>denied</u>, 559 U.S. 1010 (2010).

## VII.  PROCEDURAL HISTORY

A detailed procedural history is provided in the Response. Response at 2-13.  It will not be repeated here.  The Court will provide a brief statement of procedural history as it relates to exhaustion of the claims.

Petitioner was charged by third amended information with armed robbery and possession of a firearm by a convicted felon.  Ex. E at 37.  On June 2-3, 2010, the trial court conducted a jury trial. Ex. G; Ex. H; Ex. I.  The jury returned a verdict of guilty as to the two counts.  Ex. E at 93-95; Ex. I at 442, 448.

On July 22, 2010, the trial court held a sentencing proceeding.  Ex. F.  The court sentenced Petitioner to concurrent terms in prison: thirty years in prison on the armed robbery count, with a ten-year minimum mandatory term, and fifteen years in prison on the possession of a firearm count, with a three-year minimum mandatory term.  <u>Id</u>. at 34-35.  The court also revoked and terminated Petitioner's probation in another case, and sentenced Petitioner to fifteen years in prison.  <u>Id</u>. at 35.  The court entered judgment and sentence for armed robbery and possession of a firearm by a convicted felon on July 22, 2010.  Ex. J at 27-34.

Petitioner filed a Motion to Correct Illegal Sentencing Error Under Rule 3.800(b)(2), Florida Rules of Criminal Procedure.  Ex. N.  The trial court granted the motion.  <u>Id</u>.  On December 30, 2011,

the court amended the sentencing order, per the order of December 21, 2011. Ex. J at 29. The amendment concerned fees and costs, not the length of the prison term.

Petitioner sought a belated appeal, and the First District Court of Appeal (1st DCA) granted the request for a belated appeal. Ex. A; Ex. B. Through counsel, Petitioner filed an appeal brief. Ex. Q. The state filed an answer brief. Ex. R. On December 26, 2012, the 1st DCA per curiam affirmed. Ex. S. Petitioner moved for rehearing, and the 1st DCA denied the motion. Ex. T. The mandate issued on January 11, 2013. Ex. U.

Petitioner filed a Motion for Postconviction Relief (Rule 3.850 motion), pursuant to the mailbox rule, on September 19, 2013. Ex. V at 1-32. The trial court struck the motion, granting leave to amend. Id. at 33-69. Petitioner filed his Amended Motion for Postconviction Relief (amended Rule 3.850 motion) on December 4, 2014, pursuant to the mailbox rule. Id. at 70-117. The trial court ordered the state to file a response to ground three of the amended Rule 3.850 motion. Id. at 118-22. The state responded. Ex. X. Petitioner replied. Ex. W at 212-13. The trial court denied the amended Rule 3.850 motion. Id. at 216-394. Petitioner appealed. Id. at 398. He filed a brief. Ex. Y. The state filed a notice that it would not file a brief. Ex. Z. The 1st DCA, on February 11, 2016, per curiam affirmed. Ex. AA. The mandate issued on March 8, 2016. Id.

Meanwhile, Petitioner, on April 17, 2013, filed a Petition for Writ of Habeas Corpus Ineffective Assistance of Appellate Counsel in the 1st DCA. Ex. BB. The state responded. Ex. EE. Petitioner replied. Ex. FF. The 1st DCA, on January 13, 2014, denied the petition on its merits. Ex. GG.

This case is ripe for review. Therefore, the Court will address each ground of the Petition.

## VIII. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Ground One

In the first ground of the Petition, Petitioner raises a claim of trial court error in allowing the state to shift the burden of proof during redirect examination of witness Brock and rebuttal closing argument. Petitioner exhausted this claim by raising it on direct appeal. Ex. Q. The 1st DCA affirmed. Ex. S.

The Court finds that Petitioner adequately exhausted his claim by presenting it on direct appeal. The 1st DCA affirmed per curiam. Ex. S. Thus, there is a qualifying state court decision under AEDPA.

Deference under AEDPA should be given to the 1st DCA's adjudication. Its decision is not inconsistent with Supreme Court precedent. The state court's adjudication of this claim is not contrary to or an unreasonable application of Supreme Court law, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief based on this claim. Thus, ground one is due to be denied.

Alternatively, the Court finds Petitioner is not entitled to habeas relief on this ground.  Petitioner, on direct appeal, asserted the trial court erred by allowing the state to shift the burden of proof to the defense during redirect examination of state witness Greg Brock and through rebuttal closing argument.  Ex. Q at i.  At trial, the state called Greg Brock, a DNA[3] analyst employed by the Florida Department of Law Enforcement, to testify.  Ex. G at 156-57.  On re-direct examination, the following inquiry took place:

> Q    Mr. Brock, does the State Attorney's Office as well as any defense attorney have the ability to submit items to you for comparison?
>
> A    As far as I'm -- as far as I know anybody can contribute to the evidence section in the laboratory.
>
> Q    So it's not just something that the State Attorney's Office or the Sheriff's Office has --
>
> MS. FOURMAN [Defense Counsel] Your Honor, I object to this.
>
> THE COURT: I overrule the objection.
>
> BY MS. SMITH:
>
> Q    It's not just something that the State Attorney's Office or the Sheriff's Office has to provide you.  It can be provided --
>
> A    As far as I know it has to be a contributing agency.  Obviously somebody can't

---

[3]    The term DNA is an acronym for deoxyribonucleic acid.

> walk in off the street, but as far as I know,
> you know.

Id. at 169.

Later on, defense counsel asked to put on the record the purpose of the objection. Id. at 184. She said the basis of the objection was "burden shifting[,]" as Brock's testimony suggested that anybody could submit DNA for comparison. Id. at 185. The prosecutor responded that the reason for the question was because Ms. Fourman asked, "well, no swabs of Reginald Burroughs were submitted and analyzed with these samples so we felt it was necessary to establish that." Id. The court said because it was a response by the state to the defense's question, the objection was overruled. Id. In sum, the court found it was a proper follow-up question to a topic raised by the defense. Id.

The record reflects that on cross examination, defense counsel asked, "[a]nd you were not asked to compare any of the DNA from the guns or the glove to a specific sample from Reginald Burroughs, it that correct?" Id. at 168. Mr. Brock responded that he did not have a DNA standard from Mr. Burroughs. Id. Defense counsel asked Mr. Brock, if he had received such a sample, could he have compared it to the DNA from the seized items. Id. Mr. Burroughs responded in the affirmative. Id.

Therefore, the record clearly shows that defense counsel broached the subject, and the prosecutor's questions were in response to the topic raised by the defense. In this instance, the

court ruled the prosecutor's follow-up questions were an invited response to those raised by Petitioner.

Finally, and alternatively, this claim should be denied because:

> [t]his ground alleges a claim of state law error, specifically a state trial court evidentiary ruling. "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990); see Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief).

Dishman v. Jones, No. 4:12cv485-WS, 2015 WL 3952670, at *6 (N.D. Fla. June 29, 2015). Even assuming the trial court erred in its ruling, "[an erroneous state evidentiary ruling will be considered fundamentally unfair only if it concerns a matter which is material in the sense of a crucial, critical, highly significant factor." Dobbs v. Kemp, 790 F.2d 1499, 1504 (11th Cir. 1986) (quoting Shaw v. Boney, 695 F.2d 528, 530 (11th Cir.1983)) (internal quotation marks omitted), decision modified on denial of reh'q, 809 F.2d 750 (11th Cir. 1987). With regard to this evidentiary ruling, that is not the case.

Petitioner also claims the trial court erred in allowing the state to shift the burden in closing arguments. In particular, Petitioner references the following portion of the prosecutor's closing argument:

> There's no possible way he could have seen
> Reginald Wescott with this mysterious third
> guy, who, by the way, just happens to look
> real similar to Alvin Clavelle and nothing
> like this Reginald Burroughs, who you've heard
> absolutely no evidence from as being a suspect
> or being involved at anytime during this
> crime, except until this trial from the
> defense attorney's mouth. From no other
> witnesses at all. If they're so concerned
> about Reginald Burroughs, why didn't they go
> do this? It's not our job to test DNA –-

Ex. I at 406.

Defense counsel objected. <u>Id</u>. The prosecutor said, "[s]he [defense counsel] brought it up." <u>Id</u>. After approaching the bench, the following transpired:

> MR. ROCKWELL [the prosecutor]: Your
> Honor, just to go off that, the Court allowed
> me on cross –- the Court allowed the witness
> to testify that anybody can give DNA and if
> they're going to say that it's our job to test
> the guy who was never even a suspect, that's
> just speaking along the lines of the testimony
> during trial.
>
> MS. FOURMAN: Your Honor, I absolutely
> disagree. I think that was clearly burden
> shifting.
>
> THE COURT: I'm sorry. You think it was
> clearly.
>
> MS. FOURMAN: Burden shifting. And I mean
> I made that objection during that person's
> testimony. It was overruled, but at this
> point when the State argued they could have
> gone and gotten Reginald Burroughs, that's
> burden shifting and I have to move for a
> mistrial.
>
> THE COURT: Okay. I deny the motion for
> mistrial. No more of that.
>
> MR. ROCKWELL: Yeah.

THE COURT: Move on.

MR. ROCKWELL: Yes, ma'am.

Ex. I at 406-407.

The trial court denied the motion for mistrial, but directed the prosecutor to cease this line of argument. The prosecutor complied with the court's admonition.

Attorneys are permitted wide latitude in their closing arguments, <u>Hammond v. Hall</u>, 586 F.3d 1289, 1335 (11th Cir. 2009), <u>cert</u>. <u>denied</u>, 562 U.S. 1145 (2011); however, attorneys should not make "[i]mproper suggestions, insinuations, or assertions" that are intended to mislead the jury or appeal to passions or prejudices during closing arguments. <u>United States v. Hope</u>, 608 F. App'x 831, 840 (11th Cir. 2015) (per curiam). The trial court apparently sustained defense counsel's objection to this line of argument, as the court ordered the prosecutor to stop it and move on, while denying defense counsel's motion for mistrial.

Upon review, the comments did not deprive Petitioner of a fair and impartial trial, materially contribute to the conviction, or reach the level of harm or taint the proceedings so much as to require a new trial, or constitute such inflammatory comments as to influence the jury to reach a more severe verdict than it would have otherwise reached. <u>Walls v. State</u>, 926 So.2d 1156, 1167 (Fla. 2006) (citation omitted). Although the prosecutor's comments may have been improper, they were not sufficiently egregious as to require reversal. Defense counsel promptly objected, and this line

of argument ceased. Although the trial court denied the motion for mistrial, in order to grant it the court would have to have found that the comments were so pervasive, inflammatory, and prejudicial to preclude the jury's rational thinking of the case. <u>Knoizen v. Bruegger</u>, 713 So.2d 1071, 1072 (Fla. 5th DCA 1998). That was not the case as this particular argument was not the focus of the prosecutor's closing argument.

Finally, the jury was presented with sufficient competent evidence to support the finding of guilt as to the armed robbery charge. There is not a reasonable probability that these particular comments contributed to the conviction; they were harmless in light of the substantial evidence against the Petitioner. Thus, the comments did not prejudice the jury or impair the fairness of the proceeding.

Petitioner is not entitled to habeas relief on ground one. Therefore, ground one is due to be denied.

### B.  Ground Two

The second ground of the Petition is a claim of ineffective assistance of appellate counsel for failure to raise the issue that essential elements of the charges were omitted in the charging document. Petitioner contends the information omitted the third element of armed robbery, that the property taken was of some value, and omitted the second element of possession of a firearm, that the defendant knowingly had in his care, custody, possession, or control a firearm. Petition at 6. Petitioner exhausted this

- 19 -

ground by properly raising it in his state Petition for Writ of Habeas Corpus. Ex. BB. The 1st DCA denied the claim on its merits. Ex. GG.

There is a qualifying state court decision; therefore, the Court will address this claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. As such, Petitioner is not entitled to relief on this claim of ineffective assistance of appellate counsel.

Moreover, even assuming the state court's adjudication of this claim is not entitled to deference, Petitioner ineffective assistance of appellate counsel claim nevertheless is without merit. Given the record, he has not shown a reasonable probability exists that the claim would have been meritorious on direct appeal, if counsel had raised the claim in the manner suggested by Petitioner. Having shown neither deficient performance nor resulting prejudice, Petitioner's ineffectiveness claim is without merit. Based on his failure to satisfy the two prongs, Petitioner is not entitled to federal habeas relief on ground two.

The record shows the following. In the third amended information, Petitioner was charged with count four, armed robbery. Ex. E at 37. The information charged that Petitioner, on December 4, 2008, in the County of Duval and the State of Florida, "did carry a firearm, and did unlawfully by force, violence, assault, or putting in fear, take money or other property, to-wit: a wallet, the property of Rose Caraccioli, from the person or custody of Rose Caraccioli, with the intent to permanently or temporarily deprive Rose Caraccioli of the money or other property, and during the commission of the aforementioned robbery the said [Petitioner] did actually possess a firearm, contrary to the provisions of Sections 812.13(2)(a) and 775.087(2)(a)1, Florida Statutes." Id.

The robbery statute, 812.13, Fla. Stat., defines robbery as "the taking of money or other property which may be the subject of larceny from the person or custody of another," with the intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking, the use of force, violence, assault, or putting in fear is used. See United States v. Fritts, 841 F.3d 937, 939 (11th Cir. 2016) (noting "Florida's robbery statute set[s] forth the elements of robbery), cert. denied, 137 S.Ct. 2264 (2017).

In United States v. Lockley, 632 F.3d 1238, 1242–43 (11th Cir.), cert. denied, 565 U.S. 885 (2011) (emphasis added), the Eleventh Circuit explained:

> For our purpose, then, commission of
> robbery in violation of Fla. Stat. **§ 812.13(1)**
> necessarily requires that the defendant (1)
> commit a taking of money or other property
> from another person or in the custody of
> another person (2) with the intent to
> permanently or temporarily deprive the person
> of the money or property or any benefit
> thereof (3) using force, violence, or an
> intentional threat of imminent force or
> violence against another coupled with an
> apparent ability to use that force or
> violence, or by causing the person to fear
> death or great bodily harm (4) **where the money
> or property has value.** <u>See</u> Fla. Std. Jury
> Instr. (Crim.) 15.1. These elements hew almost
> exactly to the generic definition of robbery.

In order to constitute armed robbery, there is an added requirement that "in the course of committing the robbery the offender carried a firearm or other deadly weapon." 812.13(2)(a), Fla. Stat.

In this case, with respect to the armed robbery charge, the information referenced the specific section of the criminal code which sufficiently details all the elements of the offense; therefore, any failure to include an essential element of the crime does not necessarily render the information so defective that it will not support a judgment of conviction for armed robbery. <u>DuBoise v. State</u>, 520 So.2d 260, 265 (Fla. 1988) (per curiam). Here, the information referenced sections 812.13(2)(a) and 775.087(2)(a)1, Florida Statutes. The heading referred to count four as "armed robbery." Based on these factors, Petitioner was placed on adequate notice of the crime being charged. Certainly he was not misled in the preparation of his defense. This is evidenced by the fact that defense counsel had no objection to the

armed robbery instruction, except with respect to the principals instruction. Ex. H at 347-48.

The question is whether the information "is so fundamentally defective that it cannot support a judgment of conviction." McMilan v. State, 832 So.2d 946, 948 (Fla. 5th DCA 2002) (quoting Ford v. State, 802 So.2d 1121, 1130 (Fla. 2001)), denial of post conviction relief aff'd in part, rev'd in part on other grounds, 901 So.2d 958 (Fla. 5th DCA 2005). Upon review, the information was not so vague, indistinct or indefinite that Petitioner was misled or exposed to double jeopardy.[4] Id. Petitioner certainly had sufficient notice of the crimes for which he was being charged and tried. Id.

Also of import, the Court properly charged the jury:

> To prove the crime of robbery, the State must prove the following four elements beyond a reasonable doubt: One, Alvin Orlando Clavelle took a purse from the person or custody of Rose Caraccioli; two, force, violence, assault or putting in fear was used in the course of the taking; three, **the property taken was of some value** and, four, the taking was with the intent to permanently or temporarily deprive Rose Caraccioli of her right to the property or any benefit from it or to appropriate the property of Rose Caraccioli to his own use or to the use of any person not entitled to it.

Ex. I at 412-13 (emphasis added).

---

[4] The heading of the information ("Third Amended Information for: . . . 4) armed robbery"), the elements provided in count four, and the reference to the relevant criminal statutes in count four, provided Petitioner with detailed information.

Petitioner also complains that the information omitted the second element of possession of a firearm, that the defendant knowingly had in his care, custody, possession, or control a firearm. In count five, the information charges "on or between December 4, 2008 and December 5, 2008, in the County of Duval and the State of Florida, [Petitioner] did actually possess a firearm, to-wit: a handgun, having been convicted of a felony in the courts of the State of Florida, to-wit: Dealing in Stolen Property, in the Circuit Court, in and for the Fourth Judicial Circuit of Florida, on November 29, 2006, contrary to the provisions of Sections 790.23(1)(a) and 775.087(2)(a)(1), Florida Statutes." Ex. E at 37.

Count five of the third amended information charged Petitioner with possession of a firearm by a convicted felon. Ex. E at 37. This count references 790.23(1)(a) and 775.087(2)(a)(1), Florida Statutes. Ex. E at 37. The statute concerning possession of a firearm by a convicted felon reads: "(1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device, or to carry a concealed weapon, . . . , if that person has been: (a) Convicted of a felony in the courts of this state[.]" 790.23(1)(a), Fla. Stat.

Upon consideration, the charging information was not so vague, indistinct or indefinite that Petitioner was misled or exposed to

double jeopardy.[5]  He certainly had sufficient notice that he was being charged and tried for possession of a firearm by a convicted felon.

Finally, the court instructed the jury:

> The jury instructions for the charge of possession of a firearm by a convicted felon. To prove the crime of possession of a firearm by a convicted felon, the State must prove the following two elements beyond a reasonable doubt.  And you are to rely on the testimony and evidence that you have already heard and seen.  Number one, Alvin Orlando Clavelle had been previously convicted of a felony; two, after the conviction Alvin Orlando Clavelle knowingly had in his care, custody, possession or control a foreman [sic]."

Ex. I at 444.  The court thereafter defined firearm, care custody and control, and possession, both actual and constructive.  Id. at 444-46.

Petitioner is not entitled to habeas relief on ground two and it is due to be denied.

### C.  Ground Three

In ground three, Petitioner raises a claim of ineffective assistance of counsel for failure to move for a judgment of acquittal, argue the weight of the evidence in a motion for new trial, or object to the state's case being founded on improper

---

[5]     The heading ("Third Amended Information for: . . . 5) possession of a firearm by a convicted felon"), the elements provided in count five, and the reference to the relevant criminal statutes in count five, provided Petitioner with detailed information.

stacking of inferences. This claim lacks merit for several reasons.

It is significant that the Motion for New Trial clearly states: "[t]he verdict is contrary to the weight of the evidence." Ex. E at 155. Thus, counsel cannot be ineffective for failure to raise this issue.

Also, defense counsel did move for a judgment of acquittal. Ex. H at 308-309. She so moved and argued that the state had not proven a *prima facie* case that Petitioner "actually unlawfully by force, violence, assault or putting in fear took money or other property from [the victim]" and carried a firearm. <u>Id</u>. at 309. The court denied the motion. <u>Id</u>. Defense counsel renewed the motion. <u>Id</u>. at 352. Finally, in the Motion for New Trial, defense counsel contended the court erred in not granting the motion for judgment of acquittal and the renewed motion for judgment of acquittal. Ex. E at 155.

The trial court, before addressing Petitioner's claim of ineffective assistance of counsel, set forth the two-pronged <u>Strickland</u> standard of review for this claim grounded in the Sixth Amendment. Ex. W at 217-18. In his first ground of the amended Rule 3.850 motion, Petitioner urged the trial court to find his counsel was ineffective for failure to move for a judgment of acquittal, argue the weight of the evidence in a motion for new trial, or object to the state's case being founded on improper stacking of inferences. Ex. V at 71-77.

The trial court, in addressing this claim of ineffectiveness, construed it as presenting three subclaims: a, b, and c. Ex. W at 218-22. In a thorough and detailed explanation, the court denied this ground, applying the <u>Strickland</u> standard. The court began by addressing the claim that defense counsel should have argued that the weight of the state's evidence was insufficient to support a finding of guilt. Ex. W at 218. The court relied on guidance from the Florida Supreme Court in <u>Lynch v. State</u>, 293 So.2d 44, 45 (Fla. 1974), finding upon moving for a judgment of acquittal a party admits not only the facts stated in evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence, and noting the credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal, but rather should go to the jury.[6]

After applying this reasoning to Petitioner's claim, the trial court rejected it as meritless. Ex. W at 219. The court found counsel presented an adequate argument in support of the motion for judgment of acquittal and renewed motion. <u>Id</u>. Thus, the trial court rejected Petitioner's claim of deficient performance.

---

[6] In this case, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Petitioner committed armed robbery as charged in the third amended information. Indeed, "federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1172 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002).

Additionally, the court, assuming arguendo counsel's performance was deficient, found no reasonable probability that, had counsel argued as Petitioner suggests, such a motion would have been granted and Petitioner acquitted. Id. Indeed, the trial court in denying the motion found, in the light most favorable to the state, the evidence demonstrated a *prima facie* case of armed robbery against Petitioner. Id. Thus, the court found Petitioner failed to demonstrate prejudice, as required under <u>Strickland</u>.

In reaching this conclusion, the court reiterated the strengths of the state's case, including the testimony of the co-defendant, Reginald Wescott; the testimony of the officer who recovered the stolen property, Sergeant Edward Green; and the content of the scientific evidence, including Petitioner's DNA being present on a pair of black gloves and his fingerprints being found on an envelope recovered from the victim's belongings. Ex. W at 219-20.

The court held:

> Because the jury was presented with ample evidence showing Defendant committed the crimes, the trial court properly denied counsel's motion for judgment of acquittal and submitted the case to the jury so it could make a factual determination as to Defendant's guilt. <u>See id</u>. Further, Defendant has failed to establish, in light of the overwhelming evidence presented against him, a judgment of acquittal would have been granted had trial counsel argued as Defendant now suggests. In sum, "[a]lthough in hindsight one can speculate that a different argument may have been more effective, counsel's argument does not fall to the level of deficient performance

> simply because it ultimately failed."
> <u>Ferguson v. State</u>, 593 So.2d 508 (Fla. 1992).
> Construed subclaim a is denied.

Ex. W at 220-21.  The 1st DCA affirmed per curiam, Ex. AA, and the Court concludes there is a qualifying decision under AEDPA.

After rejecting subclaim a, the trial court addressed subclaim b.  As pointed out previously, subclaim b has absolutely no merit because counsel did argue the weight of the evidence in his motion for new trial, completely contrary to Petitioner's assertion otherwise.  Ex. E at 154-56.  The trial court, addressing the amended Rule 3.850 motion, made the following finding: "[t]his Court finds counsel, in his Motion for New Trial, *did* argue the weight of the evidence and thus the verdict was contrary to law, but the trial judge subsequently denied Defendant the relief sought."  Ex. W at 221.  After the denial of the Motion for New Trial, the 1st DCA, on direct appeal, per curiam affirmed, upholding the conviction.  Ex. S.  In rejecting this subclaim, the trial court  concluded the 1st DCA's affirmance demonstrates that the appellate court found sufficient evidence to support the convictions.  Ex. W at 221.

The trial court found counsel did not render deficient performance under <u>Strickland</u>.  Ex. W at 221.  As previously noted, in order to prevail on his claim of ineffective assistance of counsel, Petitioner has to satisfy both parts of the <u>Strickland</u> test.  <u>Bester</u>, 836 F.3d at 1337.  With respect to this claim, Petitioner failed to do so.  The 1st DCA affirmed the decision of

- 29 -

the trial court. Ex. AA. Therefore, there is a qualifying decision under AEDPA.

Finally, in subclaim c, Petitioner claimed counsel failed to object to the state's evidence, consisting of improperly stacked inferences and circumstantial evidence. In ground three of the Petition, Petitioner focuses his argument on the testimony of Detective Timothy Gagnon and the admission of the two taped interviews of Petitioner, both played for the jury. Petition at 7.

The record demonstrates the following. Pretrial, when Petitioner elected to represent himself pro se, he filed a pro se Motion to Suppress the statements he made to Detective Gagnon in the two recordings. Ex. E at 52-55. On April 8, 2010, the trial court conducted a hearing on the motion to suppress. Id. at 64. Thereafter, the court denied the motion. Id. at 59. Therefore, trial counsel was not ineffective for failing to object to the playing of these recordings as the court denied the pro se Motion to Suppress before trial. As such, defense counsel did not perform deficiently by failing to object because any objection would have been overruled based on the court's previous ruling, and Petitioner has failed to satisfy the first prong of Strickland.

In denying post conviction relief, the trial court addressed subclaim c, in which Petitioner claims counsel failed to object to the state's evidence, consisting of improperly stacked inferences and circumstantial evidence. Of significance, the trial court explicitly found that the state may rely on circumstantial evidence

- 30 -

to establish a prima facie case of armed robbery. Ex. W at 221. Finding the state properly relied on circumstantial evidence, and concluding any objection by counsel would have been without merit and denied, the court found no deficient performance on the part of defense counsel for failing to object at trial. Id. at 222.

Significantly, the court found Petitioner failed to demonstrate prejudice, because the state "presented overwhelming evidence against Defendant demonstrating his guilt[.]" Id. Thus, even if "counsel argued as Defendant suggests, such argument would not have changed the outcome of Defendant's trial." Id.

Applying the Strickland standard, the trial court opined Petitioner "failed to meet his postconviction burdens" and denied ground one of the amended Rule 3.850 motion in its entirety. Ex. W at 222. Here, AEDPA deference is warranted. The record shows the 1st DCA affirmed the decision of the trial court in denying this ground, and its decision is not inconsistent with Supreme Court precedent, and the state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. Ex. AA. Therefore, Petitioner is not entitled to habeas relief on ground three of the Petition.

### D. Ground Four

In ground four of the Petition, Petitioner raises a claim of ineffective assistance of counsel by leading Petitioner not to

testify.   In the supporting facts for this claim, Petitioner states:

> Mr. Clavelle alleged that his defense counsel failed to properly advise him about taking the witness stand on his own behalf to rebut State witness/Co-Defendant Reginald Wescott['s] testimony.   Mr. Clavelle asserts that it is reasonable to conclude that his testimony at trial would have produced a judgment of acquittal.   Because the State witness/co-Defendant Reginald was the only person that testify [sic] to Mr. Clavelle['s] involvement.

Petition at 9.

The record demonstrates the following.[7]   After the state presented its case, the trial court called Petitioner forward and had him sworn in.   Ex. H at 345.   The court asked counsel if Petitioner had sufficient time to speak with counsel about his decision.   Id.   Nathan Carter, co-defense counsel, said he believed so.   Id.   Petitioner asked for more time to speak with his counsel.   Id. at 345-46.   The court gave Petitioner more time and said, "let me know when you're ready."   Id. at 346.   Defense counsel conferred with Petitioner.   Id.   Thereafter, Petitioner told the court that he had sufficient time to speak with his attorneys.   Id.

A colloquy between the court and Petitioner took place:

> THE COURT:  **Do you want to testify in your own defense or not?**

> THE DEFENDANT: **No, ma'am.**

---

[7]      The prosecutor, at sentencing, noted Petitioner had one prior felony conviction, but had violated probation three times before, and was facing a fourth.  Ex. F at 213.  See Stipulations. Ex. E at 70-71.

THE COURT: You have the absolute right to remain silent. You're not required to testify, you're not required to present any evidence or do anything. On the other hand, you have the right to waive that right and testify. You've told me that you've had enough time to speak to your attorneys and you wish to invoke your right to remain silent, is that correct?

THE DEFENDANT: Yes.

THE COURT: And how old are you now?

THE DEFENDANT: 23.

THE COURT: And what's the highest grade you completed in school?

THE DEFENDANT: 12th.

THE COURT: I'm sorry.

THE DEFENDANT: 12th.

THE COURT: 12th. **Do you need anymore time to speak to your attorneys before you make your final decision?**

THE DEFENDANT: **No, I'm positive.**

THE COURT: **You're positive?**

THE DEFENDANT: **Yes.**

THE COURT: I do find that Mr. Clavelle has knowingly and intelligently invoked his right to remain silent and wishes not to testify in his own defense.

Ex. H at 346-47 (emphasis added).

The right of a criminal defendant to testify is recognized to be a fundamental right:

It is by now abundantly clear that a criminal defendant has a fundamental right to

> testify on his own behalf at trial. <u>Rock v. Arkansas</u>, 483 U.S. 44, 52, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987); <u>United States v. Teague</u>, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc). That right "cannot be waived either by the trial court or by defense counsel," and a "criminal defendant cannot be compelled to remain silent by defense counsel." <u>Teague</u>, 953 F.2d at 1532.

<u>Nejad v. Att'y Gen., State of Ga.</u>, 830 F.3d 1280, 1289-90 (11th Cir. 2016).

The record shows Petitioner was given additional time to consider whether to take the stand or remain silent. The court gave Petitioner more time to discuss his decision with counsel and to reflect on his decision. Based on the trial court's inquiry and Petitioner's responses, including his response that he was positive he did not want to testify, it is clear that Petitioner, after considerable reflection, decided not to testify. If there was any misleading advice provided by counsel, the trial court cured it by correctly informing Petitioner about his absolute right to testify on his own behalf. Of import, the court offered to give Petitioner another period of time to discuss the matter with defense counsel and consider his decision. Petitioner declined that offer and stated he was positive he did not want to take the stand.

Petitioner exhausted this ground by raising it in the amended Rule 3.850 motion as ground two. Ex. V at 78-81. The trial court denied the claim. Ex. W at 222-24. Petitioner appealed, and the 1st DCA affirmed. Ex. AA.

In its order denying post conviction relief, the trial court rejected the claim of ineffective assistance of counsel, finding "the record conclusively demonstrates" Petitioner waived his right to testify[.]" Ex. W at 222. The court opined that counsel could not be found to be ineffective under such circumstances in offering advice to the defendant to refrain from testifying. Id. (citations omitted). Ultimately, the court found Petitioner could not go behind his sworn testimony. Id. at 223-24.

Petitioner argued, if he had testified, he would have told the jury he was not present at the scene, and his co-defendant picked him up after the robbery. Id. at 222. The court found this argument unavailing, as the evidence presented at trial demonstrated Petitioner's involvement in the crimes. Id. at 224. Applying the Strickland standard, the court found Petitioner "failed to establish counsel rendered deficient performance or misadvise [sic] for that matter[.]" Id. In failing to satisfy the performance prong of Strickland, Petitioner could not prevail on his claim of ineffective assistance of counsel. See Bester, 836 F.3d at 1337 (finding a petitioner must satisfy both prongs of the Strickland test in order to prevail on his claim of ineffective assistance of counsel).

With regard to this claim of ineffective assistance of counsel, AEDPA deference should be given to the state court's decision. The state court's ruling is well-supported by the record

and by controlling case law, <u>Strickland</u> and its progeny. Petitioner raised the issue in his post conviction motion, the trial court denied the motion, and the appellate court affirmed. Ex. AA. This Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground four of the Petition.

### E. Ground Five

In his fifth ground for habeas relief, Petitioner claims the ineffective assistance of counsel for presenting a fraudulent reason to obtain a continuance, resulting in the denial of Petitioner's right to a speedy trial and allowing the state to build its case. In his post conviction motion, Petitioner claimed his counsel lied to the court in requesting a continuance as she had already deposed the state's witnesses, although she told the court otherwise. Based on the record before the Court, this claim has absolutely no merit.

At a pretrial proceeding on May 29, 2009, the following transpired:

> MS. LITTELL [defense counsel]: Your Honor, Mr. Clavelle is set for final pretrial today. I would move to continue the case that is set for June 8th. We have not finished all the discovery. **There are officers left to depose and we are in negotiations with the State Attorney's Office as well.**

> THE COURT: And there's no objection?
>
> MR. SKINNER [the prosecutor]: There's no legal objection, no, ma'am.
>
> THE COURT: I'll strike the case from the June 8th jury trial calendar, but leave the case on June 8th for pretrial.

Ex. W at 357.

The record shows, initially, the state listed three Category A witnesses in the State's Discovery Exhibit and Demand for Reciprocal Discovery. Ex. X at 22-23. But, on May 6, 2009, the state filed its First Supplemental Discovery Exhibit, listing two additional Category A witnesses: Ed Green and J. Miller, both of the Camden County Police Department, Georgia. Id. at 24. As of the May 29, 2009 hearing, these two supplemental, out-of-state witnesses had not been deposed. The record reflects that Ed Green and Jessica Miller were deposed on August 28, 2009.[8] Ex. W at 362-75.

The trial court found defense counsel's performance was not rendered deficient by the request for a continuance based on the need to depose two of the state's Category A witnesses. Ex. W at 227. In denying this ground, the court said:

---

[8] Also of interest, on February 18, 2010, defense counsel told the trial court that the two co-defendants intended to testify against Petitioner, and defense counsel had scheduled their depositions for March 3, 2010. Ex. M at 4. Defense counsel moved for a continuance and the trial court granted that motion as well. Id.

As such, this Court finds counsel's
representations to the trial court in moving
for a continuance were an accurate depiction
of the procedural posture of counsel's trial
preparation. Defendant cannot demonstrate
counsel rendered deficient performance, as his
grounds presented to this Court in support of
counsel's alleged ineffectiveness are refuted
by the record. <u>See</u> <u>Mann v. State</u>, 622 So.2d
595, 596 (Fla. 3d DCA 1993) (citing <u>Dancy v.</u>
<u>State</u>, 175 So.2d 208 (Fla. 3d DCA 1965))
(stating claim arguing counsel allowed several
continuance prior to trial, which prejudiced
his case, "is not cognizable on its
merits . . . as [the] conclusions were not
supported by any factual allegations").
Additionally, the record indicates because
counsel moved for a continuance of Defendant's
trial in May of 2009, Defendant later had the
opportunity to represent himself *pro se* and
file a Motion to Suppress on his own behalf.
(Ex. L.) Accordingly, this Court finds
Defendant has failed to establish the
requirements of <u>Strickland</u> and Ground Three is
denied.

Ex. W at 227.

Thus, in denying this claim for relief, the trial court
concluded that Petitioner failed to satisfy the requirements of
<u>Strickland</u>. The 1st DCA affirmed. Ex. AA.

In this instance, deference under AEDPA should be given to the
last adjudication on the merits provided by the 1st DCA. Ex. AA.
Given due consideration, its decision is not inconsistent with
Supreme Court precedent, including <u>Stickland</u> and its progeny. The
state court's adjudication of this claim is not contrary to or an
unreasonable application of <u>Strickland</u>, or based on an unreasonable

determination of the facts.  As such, ground five is due to be denied.

## F.  Ground Six

In ground six of the Petition, Petitioner claims he received the ineffective assistance of counsel for failure to rely on established law to seek to suppress Petitioner's statement or to seek redaction of Detective Gagnon's hearsay statements.  He explains his claim in the supporting facts:

> During trial the State introduced Defendant's statements into evidence the statements were recorded and should have been suppressed, or at a minimum not introduced at all.  Based on the interviewing officer recitation of the facts and his beliefs and theories of the case.  Counsel should have spent more time researching the matter better he could have presented the court/trier of the facts a reasonable argument for suppression under the existing case law at the time of Defendant['s] prosecution.

Petition at 11.

It is important to first recognize that Petitioner elected to represent himself during a portion of the pretrial proceedings. The record shows he was represented by counsel from December 24, 2008 through February 18, 2010.  Ex. E at 9.  On February 18, 2010, Petitioner asked to represent himself.  Ex. M at 6.  The court allowed him to proceed pro se and appointed standby counsel at Petitioner's request.  Id. at 18-19.

On April 8, 2010, the court conducted a motion hearing on Petitioner's pro se Motion to Suppress.[9]  Ex. M at 21-35.  The court placed Petitioner under oath and asked if he wanted to continue to represent himself.  Id. at 22.  He responded affirmatively to representing himself.  Id.  The court repeated its lengthy inquiry to make certain Petitioner desired to represent himself.  Id. at 22-31.  Before concluding the inquiry, the court asked Petitioner if he was certain he did not want the court to appoint a lawyer to defend him, and Petitioner reassured the court he wanted to proceed pro se.  Id. at 30-31.  Although he declined the appointment of counsel, he asked to proceed with stand-by counsel.  Id. at 31.  The court found Petitioner competent to waive counsel and the waiver knowing and intelligent.  Id.

Thereafter, the court declared readiness to proceed on Petitioner's pro se Motion to Suppress.  Id.  The court stated she had reviewed the tapes, the file, and the prepared transcript of Detective Gagnon's deposition.  Id. at 31-32.  The record reflects that Petitioner did confer with stand-by counsel during the motion hearing.  Id. at 32.  Petitioner argued promises were made by the detective, but the court concluded, after watching and listening to everything, no specific promises were made.  Id. at 34.  After

---

[9]     As noted previously Petitioner filed a pro se Motion to Suppress the statements he made to Detective Gagnon.  Ex. E at 52-55.  The court conducted a full hearing and denied the motion.  Ex. M at 21-35.

hearing argument, the court denied the motion. Id. at 35. A few days later, on April 13, 2010, the court reappointed counsel at the request of Petitioner. Ex. E at 68.

The record also demonstrates Petitioner's counsel took the actions Petitioner's claims she failed to take, seeking the redaction of Detective Gagnon's hearsay statements. At the beginning of trial, Petitioner's attorney informed the court that she had received the redacted version of the interview the day before. Ex. G at 13. She requested redaction of four additional portions of the interview. Id. at 13-18. The court granted one of the redaction requests, but denied the remainder. Id. at 16-18.

Also of note, the parties submitted a Proposed Mid-Trial Jury Instruction Regarding Redaction of Defendant's Interviews and Handwritten Letter. Ex. E at 92. It references the excised and redacted versions of the recorded interviews that would be heard by the jury. Id. At trial, the court instructed the jury prior to the introduction of the recorded interviews:

> And at the direction of the Court certain portions of both of the defendant's recorded interviews that you are about to hear have been excised or redacted based on legal determinations made by the State and the defense. The parts excised or redacted are not relevant and you are not to concern yourselves with why this occurred or with the content of any excised or redacted portions.

Ex. H at 220.

Petitioner exhausted this ground by raising it in his amended Rule 3.850 motion. Ex. V at 85-86. The trial court denied relief. Ex. W at 227-29. The First District Court of Appeal per curiam affirmed. Ex. AA.

The Court recognizes that in order to prevail on a Sixth Amendment claim, Petitioner must satisfy the two-pronged test set forth in Strickland. The circuit court denied Petitioner's claim of ineffective assistance of counsel in a well reasoned, written decision. Also of note, the court, in its opinion, referenced the applicable two-pronged standard as set forth in Strickland as a preface to addressing Petitioner's multiple claims of ineffective assistance of counsel. Ex. W at 217-18. In this instance, the circuit court was not only well informed of the applicable standard, it also recognized that all that is constitutionally required is reasonably effective counsel, not perfect or error-free counsel. Id. at 218.

In addressing a claim of ineffective assistance of counsel with an underlying Fourth Amendment issue, the Eleventh Circuit highlighted a petitioner's additional burden:

> Where, as here, the relevant allegation is that counsel "fail[ed] to litigate a Fourth Amendment claim competently ... the defendant must also prove that his Fourth Amendment claim *is* meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual

prejudice." <u>Morrison</u>,[10] 477 U.S. at 375, 106
S. Ct. at 2583 (emphasis added).

<u>Marshall v. Sec'y Fla. Dep't of Corr.</u>, No. 13-13775, 2016 WL
3742164, at *6 (11th Cir. July 12, 2016).

In rendering its decision, the circuit court addressed the
specifics of this particular claim of ineffective assistance of
counsel and found Petitioner did not meet his post conviction
burdens. Ex. W at 228-29. In denying this claim, the circuit
court opined:

> As to Defendant's argument that counsel
> failed to file a motion seeking to suppress
> his statements made to Detective Gagnon, the
> record indicates Defendant filed a Motion to
> Suppress while he represented himself *pro se*
> prior to trial. (Ex. L.) In his Motion,
> Defendant requested the trial court suppress
> all of his statements made to Detective Gagnon
> because his statements were coerced, not
> freely made, and incriminating. (Ex. L.) The
> trial court held a full hearing on Defendant's
> Motion during which Defendant testified on his
> own behalf. (Ex. M.) The trial court, after
> considering the merits of Defendant's Motion,
> as well as his testimony during the hearing,
> ultimately denied Defendant's request that his
> statements be suppressed. (Ex. N.) That is,
> the trial court previously considered the
> merits of the *same exact* claim seeking
> suppression, and denied the motion.
> Therefore, Defendant cannot establish, had
> counsel filed an additional motion seeking
> suppression *on the same exact grounds* as those
> which were previously adjudicated, such
> suppression would have been granted. <u>See</u> <u>Reed</u>
> <u>v. State</u>, 874 So.2d 415, 432 (Fla. 2004)
> (finding counsel not ineffective for failing
> to challenge admission of evidence when such

---

[10]   <u>Kimmelman v. Morrison</u>, 477 U.S. 365 (1986).

> challenge would have been fruitless).
> Subclaim a is denied.

Ex. W at 227-28.

Defense counsel will not be deemed to have performed deficiently by failing to file a motion that would most certainly be deemed futile. <u>Grinard-Henry v. United States</u>, No. 8:03CR-43T17MAP, 2006 WL 2265416, at *3 (M.D. Fla. Aug. 8, 2006). Here, Petitioner did not meet his burden when alleging the ineffective assistance of counsel for failing to pursue a Fourth Amendment issue, as he failed to prove the claim meritorious and that the motion to suppress filed by counsel would have been granted and the evidence actually suppressed. Since defense counsel cannot be deemed to have performed deficiently by failing to file the motion, it follows that Petitioner cannot satisfy the prejudice prong of <u>Strickland</u> due to the futility of the motion.

As noted above, the trial court denied relief and the appellate court affirmed. This decision is not inconsistent with <u>Strickland</u>.

The trial court also addressed the claim concerning counsel's failure to seek redaction of portions of Detective Gagnon's statements during his interview with Petitioner as hearsay. The trial court found the record refutes this particular contention. Ex. W at 228. After reviewing the trial transcripts, the court found that not only did counsel present vehement argument, counsel also moved to redact portions of the detective's statements based

on hearsay.  <u>Id</u>.  The court also recognized the parties' submission of the mid-trial jury instruction regarding redaction.  <u>Id</u>.  The court held: "Defendant cannot establish counsel was ineffective in this respect under <u>Strickland</u>, as counsel *did* move for redaction of the very interviews in which he [Petitioner] now takes issue. Counsel was not deficient because the trial court ruled against the Defendant as to each request for redaction."  Ex. W at 228-29.

The 1st DCA affirmed the trial court's decision.  Ex. AA.  In this case, deference under AEDPA should be given to the state court's decision.  Here, the state court's decision is not inconsistent with Supreme Court precedent, including <u>Strickland</u> and its progeny.  The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.  Thus, ground six is due to be denied.

### G.  Ground Seven

Petitioner raises a claim of the ineffective assistance of counsel for failure to object to the admission of a photograph, move for a mistrial, or seek a curative instruction concerning a photograph of Petitioner taken at the time of a prior arrest and viewed by the jury.  In support of ground seven, he alleges, at trial, his co-defendant was shown two photographs of Petitioner, and asked to identify him.  Petition at 13.  Petitioner complains that his counsel performed deficiently by failing to object to a

mugshot photograph showing Petitioner with longer hair and jail clothes, not taken at the time of his arrest for armed robbery, alerting the jury to the fact that he had a criminal record.  <u>Id</u>.

Petitioner exhausted this ground by presenting it in ground five of his amended Rule 3.850 motion.  Ex. V at 86-88.  He argued, even if the single photograph of him with shorter hair was admissible, a curative instruction was necessary to dissipate the prejudice resulting from the additional photograph with longer hair.  <u>Id</u>. at 87.  Petitioner contends his counsel's inaction deprived Petitioner of a fair trial and substantially prejudiced him.  <u>Id</u>. at 88.

The trial court addressed this claim for relief finding Petitioner failed to carry his burden of showing this alleged deficiency of counsel in failing to object or seek a curative instruction would have changed the outcome of the trial.  Ex. W at 230.  Thus, Petitioner failed to satisfy the prejudice prong of <u>Strickland</u> (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).  Thus, even assuming deficient performance for failure to object, seek a mistrial, or a curative instruction, Petitioner has failed to establish prejudice.

The trial court explained its reasoning for rejecting this claim based on Petitioner's failure to establish prejudice under <u>Strickland</u>:

This Court notes the fact a jury may infer a photograph of a defendant, shown to a victim, came from a police file "does not necessarily convey to a jury that [the] defendant has committed prior crimes or has previously been in trouble with the police." Williams v. State, 438 So.2d 152, 153 (Fla. 3d DCA 1983), cause dismissed, 443 So.2d 981 (Fla. 1983) (citing Evans v. State, 422 So.2d 60, 61 (Fla. 3d DCA 1982); Moore v. State, 418 So.2d 435, 436 (Fla. 3d DCA 1982)). This Court also notes postconviction relief is not warranted on the basis of "tenuous speculation." Davis v. State, 736 So.2d 1156, 1159 (Fla. 1999).

Ex. W at 229-30.

The trial court remained unconvinced by Petitioner's averments, which amounted to sheer speculation that the jury would automatically assume the photograph was taken for a past crime. Id. at 230. The court emphasized the fact that Petitioner failed to establish when the picture was taken. Id. Moreover, as Petitioner spent over two and one-half years in jail awaiting trial, the court opined, the jury could just as readily have reasonably assumed the picture was taken during Petitioner's confinement awaiting trial for the charge of armed robbery. Id. Ultimately, the trial court found Petitioner failed to establish prejudice and denied this ground. Id. The 1st DCA per curiam affirmed. Ex. AA.

Based on the above, deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA. Ex. AA. Given due consideration, its decision is not inconsistent with

Supreme Court precedent, including <u>Stickland</u> and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. As such, ground seven is due to be denied.

### H.  Ground Eight

Petitioner, in his eighth ground, raises a claim of ineffective assistance of counsel for failure to object to the prosecutor's comment on Petitioner's silence. In his supporting facts, Petition at 14, Petitioner references one part of the state's closing argument:

> There's no possible way he could have seen Reginald Wescott with this mysterious third guy, who, by the way, just happens to look real similar to Alvin Clavelle and nothing like this Reginald Burroughs, who you've heard absolutely no evidence from as being a suspect or being involved at anytime during this crime, except until this trial from the defense attorney's mouth. From no other witnesses at all.

Ex. I at 406.

Ground eight of the Petition has no merit. Based on the record, defense counsel promptly objected to the prosecutor's comment. <u>Id</u>. Defense counsel also requested to approach the bench and asked for a mistrial, although she argued burden shifting. <u>Id</u>. at 406-407. The court denied the motion for mistrial, but told the prosecutor to move on and do "[n]o more of that." <u>Id</u>. at 407.

Petitioner exhausted this claim by raising it in ground six of his amended Rule 3.850 motion. Ex. V at 88-89. Petitioner asserted that defense counsel should have objected to the comment and moved for a mistrial. Id. at 89. The court, after reviewing the prosecutor's comments in context of the entire argument, held counsel's performance was not deficient. Ex. W at 231-32. The court also addressed the prejudice prong of Strickland, assumed arguendo counsel's performance was deficient, but found Petitioner "failed to establish an objection to this one argument would have changed the outcome of his entire trial[.]" Id. at 232. Petitioner completed state-court exhaustion by appealing the trial court's decision. The 1st DCA affirmed the trial court's decision. Ex. AA.

Even if counsel's performance is deemed deficient, Petitioner has not established prejudice, failing to meet Strickland's prejudice prong. Indeed, Petitioner has failed to show "that it was 'reasonably likely' that, but for counsel's deficient performance, the result of the proceeding would have been different." Stoddard v. Sec'y, Dep't of Corr., 600 F. App'x 696, 709 (11th Cir.) (per curiam) (citation omitted), cert. denied, 136 S.Ct. 114 (2015). Therefore, he is not entitled to habeas relief.

Petitioner is not entitled to relief on ground eight of the Petition, the claim of ineffective assistance of trial counsel. Deference, under AEDPA, should be given to the state court's

decision.  Ex. AA.  The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.  Consequently, Petitioner is not entitled to habeas relief on ground eight.

## I.  Ground Nine

In ground nine of the Petition, Petitioner raises another ineffective assistance of trial counsel claim, claiming his counsel was ineffective for failure to object to the charging document going back to the jury room as it contained the possession of a firearm by a convicted felon count.  In his supporting facts, Petitioner alleges the trial court inadvertently permitted the jury to take into deliberation a copy of the information containing two felony charges: the armed robbery and the possession of a firearm by a convicted felon counts.  Petition at 15.

Upon review, Petitioner raised this claim in ground seven of his original Rule 3.850 motion.  Ex. V at 18-19.  He stated that the charging information, containing both counts, went back to the jury room for the jury to consider during deliberations.  <u>Id</u>. at 18.  The trial court found this to be "a barebone, speculative allegation."  <u>Id</u>. at 36.  The court deemed the claim deficient because Petitioner failed to sufficiently allege: (1) how he knows the jury received the un-severed version of the charging document; (2) that the jury actually received the un-severed charging document; (3) that counsel also had knowledge that the jury

received this document during its deliberations; and (4) where/how the record demonstrates the State submitted the charging document as an exhibit during trial. _Id_. at 36-37. After pointing out these deficiencies in Petitioner's ground seven, the court struck the claim from the record and directed Petitioner to amend it, cautioning him that the claim cannot be based upon mere speculation. _Id_. at 37. The court granted Petitioner leave to amend ground seven, only if he could do so in good faith. _Id_. at 40.

Petitioner included ground seven in his amended Rule 3.850 motion. _Id_. at 89-90. The trial court reviewed and considered the amended ground seven and found it lacking. The court described Petitioner's claim as "a bare speculative allegation that the charging document went back with the jury into the deliberations room." _Id_. at 233. The court said Petitioner failed to produce any evidence to support his conclusory allegation that the jury viewed and examined the charging document, or that counsel was aware that the jury received the charging document and failed to object to it. _Id_. Also of import, the court concluded the record showed the state did not submit the charging document as an exhibit during trial. _Id_. Finding Petitioner failed to establish counsel rendered deficient performance in this regard, the court denied ground seven of the amended Rule 3.850 motion applying the

<u>Strickland</u> standard.  <u>Id</u>.  Petitioner appealed the denial of his amended Rule 3.850 motion, and the 1st DCA affirmed.  Ex. AA.

The state court's adjudication of an ineffectiveness claim is accorded great deference.  In fact, there is double deference: the deference to counsel's performance mandated under <u>Strickland</u>, and the deference under AEDPA, to the state court's decision.  Thus, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, Petitioner is not entitled to relief on the basis of this claim.

### J.  Ground Ten

In his tenth ground for habeas relief, Petitioner raises a claim of ineffective assistance of counsel for failure to present evidence of the temperature on the date of Petitioner's arrest.  A pair of gloves with Petitioner's DNA was found inside the vehicle when he was arrested.  Petition at 17.  Petitioner avers that his counsel's performance was deficient because he should have

explained to the jury that it was cold outside, and that is why Petitioner had a pair of gloves with him.  Id.

The record shows that the jury, upon deliberation, asked "[w]hat was the temperature outside on December 8, 2008?" Ex. I at 434.  The court responded that the information was not in evidence, and therefore, the jury would have to make its decision without further information on that question.[11]  Id. at 438.

In his amended Rule 3.850 motion, Petitioner argued his counsel should have obtained evidence of the temperature so the jury would have heard it was in the mid-thirties at the time of his arrest.  Ex. V at 91.  The trial court rejected this claim finding:

> Even had counsel introduced evidence of the temperatures the night of the crime, this Court finds such evidence would not have changed the outcome of Defendant's trial.  As this Court outline *supra* in Ground One, Defendant's instant argument cannot escape the evidence presented at trial showing Defendant's co-defendant placed him at the crime scene and he was found traveling in the vehicle with the stolen items.  Further, although Defendant's DNA was found on the gloves, his fingerprint was also found on an envelope belonging to one of the victims. Evidence about temperatures would not have changed the overwhelming evidence presented by the State against Defendant.  As such, Ground Eight is denied.

Ex. W at 234.  The 1st DCA affirmed.  Ex. AA.

_____

[11]     It is important to recognize that Petitioner was arrested in the late fall, in Georgia.  Thus, even if evidence of temperature was not provided, Petitioner's arrest did not occur during the routinely, warmer months of the year.

Importantly, Petitioner failed to establish prejudice. Even if counsel had taken the action Petitioner asserts he should have taken (introduce evidence of the temperature at the time of Petitioner's arrest), there is no reasonable probability of a different result because evidence of the outside temperature would not have provided an explanation as to why Petitioner's fingerprints were found on the victim's envelope. Also, there is not a reasonable probability sufficient to undermine confidence in the outcome of the trial due to "the overwhelming evidence presented by the State against Defendant." Ex. W at 234.

Upon review, there was no unreasonable application of clearly established law in the state court's decision to reject the Strickland ineffectiveness claim. The decision was not contrary to clearly established federal law and was not based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on this ground.

## K. Ground Eleven

Petitioner asserts that he received the ineffective assistance of counsel due to his counsel's failure to investigate and/or call an expert in handwriting analysis. Petition at 18. In his supporting facts, Petitioner contends his counsel failed to perform effectively because he did not call a handwriting expert to prove a letter introduced at trial was not written by Petitioner. Id.

He raised this claim in his amended Rule 3.850 motion.  Ex. V at 91-92.

Before denying this ground, the trial court summarized Petitioner's contention: "[b]ecause the letter in question, written to Defendant's fiancee Ms. Gwendolyn Taylor, included an admission he committed the crimes, Defendant argues he was prejudiced by counsel's failure to investigate or call a handwriting expert." Ex. W at 234.  The trial record shows the following.  Patrick Johnson, the intelligence Sergeant for the Pretrial Detention Facility, testified that he received a letter with Petitioner's name on it on or about December 13, 2009, as it was returned to the jail as undeliverable.  Ex. G at 171-72, 174.  On the envelope, the return address listed Petitioner, his address, and the docket number.  <u>Id</u>. at 175.  Sergeant Johnson read the letter to the jury. <u>Id</u>. at 180-83.  Defense counsel, on cross examination, elicited that the Sergeant could not state who wrote the letter, and the docket number on the envelope is a matter of public record.  <u>Id</u>. at 183-84.

The trial court, noting the effective cross examination of the witness, found "counsel sufficiently addressed during trial the very point in which Defendant now takes issue."  Ex. W at 235. Indeed, the court opined defense counsel was able to present to the jury through cross examination of this witness that Petitioner's personal information was of public record and someone could have

written the letter, using this information, and the state failed to demonstrate that Petitioner authored the letter. <u>Id</u>. The court concluded this different tactic of counsel did not amount to deficient performance. <u>Id</u>.

It is very important to recognize, "[t]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." <u>Strickland</u>, 466 U.S. at 689-90 (citation omitted). Here, Petitioner's defense counsel decided to cross examine the state's witness and show that the envelope contained information of public record. Petitioner's counsel was also able to elicit from the Sergeant that he could not state with certainty who wrote the letter. Finding no deficient performance, the court denied the claim. Ex. V at 235. The 1st DCA affirmed. Ex. AA.

Deference under AEDPA will be given to the last adjudication on the merits provided by the 1st DCA. Given due consideration, its decision is not inconsistent with Supreme Court precedent, including <u>Strickland</u> and its progeny. The state court's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Consequently, ground eleven is denied.

### L. Ground Twelve

In his twelfth ground, Petitioner claims his counsel was ineffective for failing to elicit from Gwendolyn Taylor that

Petitioner never referred to her as "Wifey," nor to himself as "Daddy." These nicknames were in a letter returned to the jail with Petitioner's name and address on the envelope.[12] Petitioner avers that had counsel elicited testimony from Ms. Taylor that Petitioner did not use these nicknames, it would have proven to the jury that Petitioner did not author the letter and would have resulted in an acquittal. Petition at 19.

There are several weaknesses in this claim. To start, defense counsel did call Ms. Taylor as a witness. Ex. G at 193. On cross examination, she testified Petitioner does call her his wife. Id. at 196. She also testified Petitioner was the father of her daughter. Id. at 194. She attested that before Petitioner's arrest, she had thought she was pregnant, but she was not. Id. at 197. Once again, before Petitioner's arrest, Ms. Taylor thought she was pregnant, and it turned out she was pregnant as she received confirmation of her pregnancy shortly after Petitioner's arrest for the December 4, 2008 offenses. Id. at 197-98.

Petitioner raised this claim in ground ten of his amended Rule 3.850 motion, and the trial court stated it denied the claim for the same reasons it denied ground nine of the amended Rule 3.850 motion. Ex. W at 235. The 1st DCA affirmed. Ex. AA.

_____

[12]    The letter sent to "Wifey" is dated December 8, 2009. Ex. W at 387. The postmark on the envelope is December 9, 2009. Id. at 385. The envelope is addressed to "Gwendolyn Clavelle (My Wife)[.]" Id. Petitioner's daughter was born August 18, 2009. Ex. G at 195.

Thus, the trial court held defense counsel was not deficient for using a tactic different from the one suggested by Petitioner. Id. By this ruling, the trial court found Petitioner failed to demonstrate deficient performance by defense counsel. By failing to satisfy the performance prong under Strickland, the trial court held Petitioner was not entitled to relief on the claim of ineffective assistance of counsel for failure to elicit from Ms. Taylor that Petitioner did not refer to her as "Wifey," nor did she refer to him as "Daddy."

This court begins with the strong presumption that counsel's conduct was reasonable. This Court must give double deferential judicial review to the state court's decision on the Sixth Amendment claim of ineffective assistance of counsel. Upon a thorough review of the record and the applicable law, it is clear that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly,, Petitioner is not entitled to habeas relief on this claim.

## M. Ground Thirteen

Petitioner, in ground thirteen, raises a claim of ineffective assistance of counsel for failure to object to co-defendant Reginald Wescott's testimony about his previously entered guilty

pleas and his contention that he was testifying solely because he was taking responsibility for his actions.  Petitioner raised this ground in his original Rule 3.850 motion, but the trial court, finding the claim legally insufficient, struck it and told him to amend his claim.  Ex. V at 22-24, 37.  Petitioner included the claim in his amended Rule 3.850 motion.  Id. at 94-96.  He asserted that counsel performed deficiently by failing to object to the relevance of the testimony or request a mistrial.  Id. at 95.

In denying this ground, the trial court opined defense counsel did not perform deficiently.  Ex. W at 237.  The court found defense counsel questioned Mr. Wescott about his pleas to demonstrate bias and untrustworthiness, and performed effectively, diminishing Mr. Wescott's credibility.  Id. at 236-37.  As such, the court concluded Petitioner was not entitled to relief.

The record shows the state called Mr. Wescott.  Ex. G at 78. He said he was testifying as a state's witness to do the right thing and take responsibility for what happened.  Id. at 81.  Mr. Wescott admitted he had four prior felonies.  Id. at 82.  On cross examination, defense counsel asked questions showing Mr. Wescott denied involvement in the crime from his arrest up until January 7, 2010.  Id. at 100-101.  Mr. Wescott also admitted that he did not implicate Petitioner until January 7, 2010.  Id. at 101.  Defense counsel asked Mr. Wescott about whether he was a four-time convicted felon.  Id. at 105.  Defense counsel inquired about the

time Mr. Wescott was facing for the charged offenses. _Id_.
Additionally, Defense counsel questioned Mr. Wescott about the
prosecutor's power to withdraw any enhancements Mr. Wescott was
facing, and Mr. Wescott admitted the prosecutor held this power.
_Id_. at 106.

The trial court, after reviewing Mr. Wescott's testimony and
the conduct of counsel, found defense counsel "diminished Mr.
Wescott's credibility by questioning him about his previously-
entered guilty pleas." Ex. W at 236. Finding no deficient
performance, the court denied relief. _Id_. at 237. The 1st DCA
affirmed. Ex. AA.

Given the lack of supporting evidence that counsel acted
deficiently and the abundant evidence supporting the trial court's
determination that counsel effectively cross examined Mr. Wescott,
the state court acted reasonably in rejecting this ground. The 1st
DCA affirmed the decision. The state court's denial of this claim
was neither contrary to, nor an unreasonable application of,
clearly established Supreme Court law. Applying the AEDPA's
deferential standard, the Court denies this ground.

### N. Ground Fourteen

In his fourteenth ground for relief, Petitioner raises a claim
of ineffective assistance of counsel for failure to request "a mere
presence at the scene" instruction as an alternative defense.
Petition at 21. Petitioner argued, if requested and given, the

charge would have instructed the jury not to find someone guilty for someone else's actions. <u>Id</u>. at 22.

Petitioner raised this ground in his amended Rule 3.850 motion. Ex. V at 96-99. The trial court denied this ground. Ex. W at 237-39. The 1st DCA affirmed. Ex. AA.

The trial court rejected this claim for a number of reasons. Initially, the court noted that the allegations in this ground directly conflict with Petitioner's allegations contained in ground two of the amended Rule 3.850 motion. Ex. W at 237. Petitioner made these factual allegations under ground two of his amended motion:

> Reggie and his mom came and picked Defendant up around 11:15 p.m. from the downtown area. Defendant got in the rear passenger seat of the truck.
>
> On the way to go meet the girls [girls Reggie met on MySpace] they stopped at a Krystal's restaurant on the North side, to get something to eat. While in the drive through, Defendant decided to get comfortable in the back seat, taking his jacket and gloves off because it was warner in the truck that [sic] it was outside. Reggie's mom paid for the food with a credit card. After eating the meal, Defendant pushed aside a lot of miscellaneous papers and then he sprawled out on the back seat. The miscellaneous papers contained the envelope with Defendant's fingerprint on it. Within ten minutes, Defendant went to sleep.
>
> He was awakened by Reggie and his mom telling him that the police were pulling them over.

Ex. V at 79.

Notably, in ground two Petitioner says he would have testified he was not at the crime scene, but in ground twelve, he states he was at the crime scene, but he did not participate in criminal activity. As such, Petitioner raised inconsistent and conflicting allegations. Ex. W at 237.

More importantly, the court found the principals instruction given by the trial court would not have permitted a finding of guilt predicated on the mere showing of Petitioner's presence at the scene. Id. at 238. At trial, the court instructed:

> If the defendant helped another person or persons commit or attempt to commit a crime, the defendant is a principal and must be treated as if he had done all the things the other person or persons did if the defendant had a conscious intent that the criminal act be done and the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist or advise the person or persons to actually commit or attempt to commit the crime.
>
> To be a principal the defendant does not have to be present when the crime is committed.

Ex. I at 416.

The record demonstrates defense counsel objected to the principals instruction. Ex. H at 347. She argued Petitioner was charged with robbing one victim, Rose Caraccioli, and Mr. Wescott was charged with robbing Kayla Mardis, the other victim. Id. at 348. The state claimed the instruction was appropriate because Petitioner, in his interview statement, said he did not take

anything, and he just stood back by the passenger door.  _Id_. at

348-49.   The court, after reviewing the transcript, found

Petitioner said he was there, but Mr. Wescott actually took the

property.  _Id_. at 349-50.  As such, the court found the instruction

appropriate and overruled the defense's objection.  _Id_. at 350.

After undertaking its review, the court found "Defendant has

failed to establish counsel was ineffective for failing to request

a futile jury instruction which would not have changed the outcome

of the case."[13]  Ex. W at 238.  Moreover, the court found there was

"a multitude of evidence" implicating Petitioner as a co-defendant

in the crimes and having taken part in the crimes.[14]  _Id_. at 238-39.

In light of the above, defense counsel's performance was not

outside the wide range of professional competence.   Moreover,

Petitioner has failed to satisfy the prejudice prong of _Strickland_.

Upon review, there was no unreasonable application of clearly

established federal law in the state court's decision to reject the

claim.   The decision was not contrary to clearly established

federal law and was not based on an unreasonable determination of

---

[13]    The court noted that under the principals instructions,
Petitioner did not have to be present when the crime was actually
committed.  Ex. W at 238.

[14]    Of particular note, the victim, Rose Caraccioli testified
that the robber on the passenger side of the vehicle approached the
vehicle with a gun.  Ex. G at 43.  She testified this robber asked
for her purse, her cell phone and other items.  _Id_. at 44.  She
provided the robber with her purse and cell phone.  _Id_.

the facts. Petitioner is not entitled to habeas relief on this claim.

## O. Ground Fifteen

In ground fifteen, Petitioner raises a claim of ineffective assistance of counsel for failure to move to suppress evidence seized during the arrest. More specifically, in the amended Rule 3.850 motion, Petitioner claimed counsel failed to file a motion to suppress the fruits of an illegal seizure, contending Sergeant Edward Green unlawfully seized Petitioner from the truck, and counsel performed deficiently in failing to move to suppress the false name Petitioner provided to the officer and the other fruits of the illegal seizure. Ex. V at 99-102.

In denying the post conviction motion, the trial court concluded that defense counsel was not ineffective. Ex. W at 239. The 1st DCA affirmed. Ex. AA. Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner alleged should have been provided. Indeed, the trial court found, in requesting identification, the police officer did not seize or detain Petitioner. Ex. W at 239.

At trial, Sergeant Green testified he pulled the vehicle over for an improper tag. Ex. G at 116. Petitioner was not the driver of the vehicle. _Id_. at 117. When asked for his identification, Petitioner provided the officer with a false name. _Id_. at 118. On

cross, Sergeant Green testified the driver also provided the officer with a false name. Id. at 127-28.

The court, in denying this ground, found Petitioner was not seized when asked his name, and the motion Petitioner alleges should have been filed by counsel, "would have lacked merit and been denied." Ex. W at 239. Petitioner's counsel's performance cannot be deemed deficient for failing to file a motion that would have been deemed fruitless by the trial court. Therefore, Petitioner is not entitled to habeas relief on this ground.

Deference under AEDPA should be given to the state court's decision. The state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. Thus, ground fifteen is due to be denied.

### P. Ground Sixteen

In his sixteenth ground, Petitioner raises a claim of ineffective assistance of counsel for failure to object to the amended information based on its omission of essential elements of the crimes. This ground reiterates the claim raised in ground two of the Petition, except Petitioner focuses this claim on the alleged ineffective assistance of trial counsel rather than the alleged ineffective assistance of appellate counsel.

In denying the claim of ineffective assistance of trial counsel raised in the amended Rule 3.850 motion, the trial court

initially related, as long as the specific section of the criminal code which sufficiently details the elements of the offense is referenced in the charging document, the charging document will withstand challenge, citing <u>Baker v. State</u>, 4 So.3d 758, 761 (Fla. 1st DCA 2009) (citation omitted). Ex. W at 240. As noted by this Court in addressing ground two of the Petition, the charging documents in this case referred to the relevant criminal statutes, which sufficiently detailed all of the elements of the offenses.

The trial court in denying this ground concluded that because the charging document provided Petitioner with sufficient information concerning the charged offenses, his counsel cannot be deemed ineffective for failing to file a motion to dismiss the information because it would have been denied as being without merit. <u>Id</u>. The 1st DCA affirmed. Ex. AA.

In this instance, deference under AEDPA should be given to the state court's decision. Its decision is not inconsistent with Supreme Court precedent, including <u>Stickland</u> and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. As such, ground sixteen is due to be denied.

## Q. Ground Seventeen

In ground seventeen, Petitioner claims he received the ineffective assistance of counsel based on the cumulative errors of

counsel, resulting in a due process deprivation. He exhausted this claim by raising it in ground fifteen of his amended Rule 3.850 motion and appealing the trial court's decision to the 1st DCA. Ex. V at 103; Ex. W at 240-41; Ex. AA.

The cumulative effect of all of Petitioner's grounds certainly does not provide any foundation for granting habeas relief since none of his grounds claiming ineffective assistance of counsel provide a basis for habeas relief. When Petitioner presented this ground to the trial court, the court rejected it, finding: "[i]t is well-settled a claim of cumulative error cannot stand in cases where, following individual evaluation, alleged errors are found to be without merit . . . ." Ex. W at 240. The 1st DCA affirmed. Ex. AA.

Also of significance, earlier in its decision, the court had rejected Petitioner's attempt to challenge the sufficiency of the evidence through his post conviction motion:

> Further, to the extent Defendant appears to be attempting to challenge the sufficiency of the evidence against him by couching this claim in terms of ineffective assistance of counsel, this Court finds Defendant may not challenge the admissibility, validity, or sufficiency of the evidence against him in a motion seeking postconviction relief.

Ex. W at 221 (citations omitted).

The Court finds this "cumulative effect" claim has no merit. If Petitioner's ineffective assistance of counsel claims are insufficient individually, raising them cumulatively does not

render them sufficient. <u>Robertson v. Chase</u>, No. 1:07-CV-0797-RWS, 2011 WL 7629549, at *23 (N.D. Ga. Aug. 12, 2011) (citations omitted), <u>report</u> and <u>recommendation</u> <u>adopted</u> <u>by</u> No. 1:07-CV-797-RWS, 2012 WL 1038568 (N.D. Ga. Mar. 26, 2012), <u>aff'd</u> <u>by</u> 506 F. App'x 951 (11th Cir. 2013), <u>cert</u>. <u>denied</u>, 134 S.Ct. 93 (2013).

Also Petitioner is not entitled to relief on any claim of denial of due process of law based on the alleged cumulative errors of counsel:

> As set forth above, [Petitioner] has not demonstrated error by trial counsel; thus, by definition, [Petitioner] has not demonstrated that cumulative error of counsel deprived him of a fair trial. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 229 (5th Cir. 1993) (explaining that because certain errors were not of constitutional dimension and others were meritless, petitioner "has presented nothing to cumulate").

<u>Miller v. Johnson</u>, 200 F.3d 274, 286 n.6 (5th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 849 (2000).

With respect to the claim of cumulative errors of counsel, the 1st DCA's decision is entitled to deference under AEDPA. Ex. AA. Petitioner is not entitled to relief on ground seventeen of the Petition because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In conclusion, since there were no errors of constitutional

dimension, the cumulative effect of any errors would not subject Petitioner to a constitutional violation.  See Miller, 200 F.3d at 286 n.6.  Thus, the Court finds Petitioner is not entitled to habeas relief on the basis of this claim of ineffective assistance of counsel alleging the cumulative errors of counsel and the resulting denial of a fair trial.  Ground seventeen is due to be denied.

### R.  Ground Eighteen

In his eighteenth and final ground of the Petition, Petitioner urges this Court to find that the state appellate court erred in refusing to correct the trial court's error in denying Petitioner's amended Rule 3.850 motion.  In his supporting facts under ground eighteen, Petitioner states:

> The Appellate court when it sustained the lower trial court's denial of the Defendant's 3.850, due to State's record not conclusively refuting Defendant's claims.  The main and essential purpose of the Defendant's rights are to challenge the basis and adequacy of the State's evaluation and provide a correctness of the interpretation of the law which shields the Defendant's constitutional rights.

Petition at 27.

As noted previously, Petitioner filed an amended Rule 3.850 motion, the trial court addressed the motion in its Order Denying Defendant's Amended Motion for Postconviction Relief, and the trial court denied collateral relief.  Petitioner appealed the trial

court's decision to the 1st DCA, and the state appellate court affirmed the decision of the trial court. Ex. AA.

Initially, it is important to recognize that this claim is not cognizable in a federal habeas proceeding. See Response at 93. Petitioner's challenge to the effectiveness of Florida's state court collateral proceedings does not undermine the legality of the conviction itself; therefore, Petitioner is not entitled to habeas relief on this ground. In sum, the Court finds this is not a claim of constitutional dimension.

Ground eighteen is not cognizable on habeas corpus review as the purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States, not to consider a challenge to state court deficiencies. See Coleman v. Thompson, 501 U.S. 722 (1991). The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001). The Eleventh Circuit allows that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990).

Certainly, it is not the province of this Court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process[,]'" as it was here. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)). Indeed, this Court is bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992).

Accordingly, the Court finds the claim raised in ground eighteen amounts to an attack on the state post conviction proceedings collateral to Petitioner's detention. Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004), cert. denied, 543 U.S. 960 (2004). Since it presents an issue that is not cognizable in this proceeding, this ground cannot provide a basis for federal habeas corpus relief. Therefore, the claim raised in ground eighteen is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

- 71 -

2. This action is **DISMISSED WITH PREJUDICE.**

3. The **Clerk** shall enter judgment accordingly and close this case.

4. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.**[15] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of May, 2018.

_____
BRIAN J. DAVIS
United States District Judge

sa 4/25
c:
Alvin O. Clavelle
Counsel of Record

---

[15] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.